[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-13155
Non-Argument Calendar
_____

D.C. Docket No. 1:95-cr-00430-WPD-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,


versus


ROBERT BUTLER,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(June 10, 2014)

Before PRYOR, MARTIN and ANDERSON, Circuit Judges.

PER CURIAM:

Robert Butler appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to modify his sentence. Butler argues that his sentence violates his equal protection and due process rights. In addition, he argues that his sentence should be reduced because the Fair Sentencing Act ("FSA") lowers the statutory sentencing range for his offense, which would affect the calculation of his guideline ranges as a career offender. Finally, he argues that under *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151 (2013), he cannot be subject to a sentence greater than the statutory maximum.

## A. Equal Protection and Due Process

In a § 3582(c)(2) proceeding, we review *de novo* the scope of the district court's authority under the Guidelines. *See United States v. Moore*, 541 F.3d 1323, 1326 (11th Cir. 2008). Under 18 U.S.C. § 3582(c)(2), a court may not modify a term of imprisonment except "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In *United States v. Bravo*, we held that the district court was correct in declining to consider the defendant's Eighth Amendment claim because § 3582(c) does not grant the district court jurisdiction to consider such extraneous resentencing issues, and the

2

defendant's claim must brought under 28 U.S.C. § 2255.  203 F.3d 778, 782 (11th

Cir. 2000).

Relief under § 3582(c)(2) is limited to circumstances in which a defendant

was sentenced based on sentencing range that has subsequently been lowered by

the Sentencing Commission, and Butler's claims of violations of his equal

protection and due process rights do not fall into this category.  *See* 18 U.S.C.

§ 3582(c)(2).  Butler's constitutional claims must be raised in a collateral

proceeding, pursuant to 28 U.S.C. § 2255.  *See Bravo*, 203 F.3d at 782.

## B.  Fair Sentencing Act

A district court may not reduce a defendant's term of imprisonment under

§ 3582(c)(2) unless the defendant's sentence was based upon a sentencing range

that the Sentencing Commission subsequently lowered, the district court considers

the 18 U.S.C. § 3553(a) factors, and the reduction is consistent with applicable

policy statements issued by the Sentencing Commission.  18 U.S.C. § 3582(c)(2).

A reduction is not consistent with the Sentencing Commission's policy statements

if it does not have the effect of lowering the defendant's applicable guideline range

because of the operation of another guideline provision.  U.S.S.G.

§ 1B1.10(a)(2)(B) & comment. (n.1(A)).

In *United States v. Berry*, we rejected the defendant's argument that he was

eligible for a sentence reduction under the FSA because the FSA was not a

3

guidelines amendment by the Sentencing Commission, but a statutory amendment by Congress, and did not serve as a basis for a § 3582(c)(2) sentence reduction. 701 F.3d 374, 377 (11th Cir. 2012).  Furthermore, we concluded that the defendant's claim failed because the district court sentenced him before the FSA's enactment, and the FSA's mandatory minimums did not retroactively apply under such circumstances.  *See id*. at 377-78.

A § 3582(c)(2) motion to reduce a sentence does not provide a basis for *de novo* resentencing.  U.S.S.G. § 1B1.10(a)(3).  Accordingly, the district court must maintain all original sentencing determinations with the sole exception of applying the relevant amended guideline range.  *United States v. Bravo*, 203 F.3d 778, 780-81 (11th Cir. 2000).

Butler was not entitled to relief under the FSA because the FSA is not a guidelines amendment by the Sentencing Commission, and therefore, cannot serve as the basis for a sentence reduction under § 3582(c)(2).  *See Berry*, 701 F.3d at 377.  Furthermore, Butler was sentenced before the effective date of the act, and it is not retroactively applicable to him.  *Id.* at 377-78.

In addition, Butler's argument under *Alleyne v. United States*, 570 U.S. ___, 133 S.Ct. 2151  (2013), fails because the determinations by the jury are not relevant to this proceeding.  The drug quantity determined at Butler's original sentencing proceeding applies in his § 3582 proceeding, and furthermore,

§ 3582(c) does not provide a basis for relief based on a challenge to Butler's

conviction.  Accordingly, we affirm the denial of Butler's § 3582 motion.

**AFFIRMED.**